UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES REINSURANCE
(UK) PLC,

        CASE NO.: _____

    Plaintiff,

vs.

YELLOW FIN 36 LLC, MICHAEL
MCNELIS, NICHOLAS MELONE,
and DAVID LURIA,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Middle District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant YELLOW FIN 36 LLC, at 4401 Mangrove Place, Sarasota, Florida 34242.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5. Upon information and belief, the Defendant YELLOW FIN 36 LLC is a limited liability company organized and existing under the laws of the State of Florida with its office and principal place of business located at 1358 Fruitville Road, Suite 310, Sarasota, Florida 34238.

6. Upon information and belief, the Defendant MICHAEL MCNELIS is a private citizen and resident of the State of Florida, and a shareholder in the Defendant YELLOW FIN 36 LLC.

7. Upon information and belief, the Defendant NICHOLAS MELONE is a private citizen and resident of the State of Florida, and a shareholder in the Defendant YELLOW FIN 36 LLC.

8. Upon information and belief, the Defendant DAVID LURIA is a private citizen and resident of the State of Florida, and a shareholder in the Defendant YELLOW FIN 36 LLC.

**FACTUAL ALLEGATIONS**

9. On or about May 23, 2006, Defendant YELLOW FIN 36 LLC, acting via its principals, submitted to the Plaintiff, via the Defendant's agent, an application for a policy of

marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

10. A true and correct copy of the said application form completed and signed by Defendant MICHAEL MCNELIS acting for an on behalf of the Defendant YELLOW FIN 36 LLC, and submitted to Plaintiff on or about May 23, 2006 by and on behalf of the Defendants by their agent is attached hereto as Exhibit "A."

11. Plaintiff agreed to issue its Policy No. 200/658/75867 affording coverage from May 8, 2006 to May 8, 2007 based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit "A."

12. On or about June 13, 2006, Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendants named herein its Marine Insurance Policy No. 200/658/75867 affording Hull & Machinery coverage in the amount of $200,000.00 for the 2005 36 ft Yellow Fin power vessel which vessel was owned by the Defendants named herein.

13. Thereafter, on or about May 3, 2007, the Defendants named herein sought via their agent to have the coverage afforded under Plaintiff's said policy of marine insurance renewed. A true and correct copy of the Renewal Questionnaire completed and signed by Defendant MICHAEL MCNELIS acting for and on behalf of the Defendant YELLOW FIN 37 LLC and submitted to Plaintiff on or about May 3, 2007 is attached hereto as Exhibit "B."

14. Plaintiff agreed to renew the requested coverage and agreed to issue its Policy No. 200/658/94457 based upon the representations set forth in, and the material information

disclosed in, the application form which is attached hereto as Exhibit "A" and the Renewal Questionnaire which is attached hereto as Exhibit "B."

15. Thereafter, on or about May 9, 2008, the Defendants named herein sought via their agent to have the coverage afforded under Plaintiff's said policy of marine insurance renewed. A true and correct copy of the Renewal Questionnaire completed and signed by Defendant MICHAEL MCNELIS acting for and on behalf of the Defendant YELLOW FIN 37 LLC and submitted to Plaintiff on or about May 9, 2008 is attached hereto as Exhibit "C."

16. Plaintiff agreed to renew the requested coverage and agreed to issue its Policy No. 200/658/107786 based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit "A" and the Renewal Questionnaire which is attached hereto as Exhibit "C."

17. On or about June 5, 2008, Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendants named herein its Marine Insurance Policy No. 200/658/107786 affording Hull & Machinery coverage in the amount of $200,000.00 for the 2005 36 ft Yellow Fin power vessel which was owned by the Defendants named herein.

18. A true and correct copy of the Declarations Page and the policy language for Plaintiff's Policy No. 200/658/107786 is attached hereto as Exhibit "D."

19.   On or about June 14, 2008, while the Plaintiff's Marine Insurance Policy No. 200/658/107786 was in full force and effect, the 2005 36 ft Yellow Fin power vessel insured under the terms of the said policy was reported to have been stolen.

20.   Following the reported theft, the Defendants have made claim against Plaintiff under the terms of Policy no. 200/658/107786 for payment of the full $200,000.00 agreed value of the insured vessel.

21.   Following receipt of the claim made by the Defendants, the Plaintiff caused an investigation to be made into the facts and circumstances surrounding the alleged theft, and the material facts which were disclosed on the application and Renewal Questionnaires which were submitted by the Defendants named herein. Plaintiff's investigation has established that at the time of the reported theft, the vessel insured under the terms of Plaintiff's Policy no. 200/658/107786 was out of the water, resting on an elevator boatlift, on the premises of property owned by the Defendant NICHOLAS MELONE located at 4225 Hiegel Avenue, Sarasota, Florida. Plaintiff's investigation further established that the Defendants had failed to disclose other marine losses and had misrepresented material facts pertaining to prior marine losses on the application and the Renewal Questionnaires referenced herein.

## FIRST CAUSE OF ACTION

22.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 9 through 21 as if set forth fully herein.

23.   Plaintiff's Policy no. 200/658/107786 states, in pertinent part:

## EXCLUSIONS TO COVERAGE A

Unless specifically agreed by us in writing and additional premium charged the following losses and or damages (whether incurred directly or indirectly) are not covered by this insuring agreement.

\*\*\*\*\*\*

k)  Theft of the scheduled vessel and or its equipment whilst on a trailer/boatlift/hoist/dry storage rack unless the scheduled vessel is situate in a locked and fenced enclosure or marina and there is visible evidence of forcible entry and or removal made by tools, explosives, electricity or chemicals.

24. As stated, supra, at the time of the reported theft, the vessel insured under the terms of Plaintiff's Policy no. 200/658/107786 was out of the water, resting on an elevator boatlift, on the premises of the property located at 4225 Hiegel Avenue, Sarasota, Florida.

25. At the time of the reported theft, the Defendants' vessel was not situated within a locked and fenced enclosure or marina, nor was there visible evidence of forcible entry and/or removal made by tools, explosives, electricity or chemicals.

26. Due to the foregoing facts, the Plaintiff's Policy no. 200/658/107786 excludes coverage for the reported theft of the 2005 36 ft Yellow Fin power vessel which was insured under the terms of the said policy.

27. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, the Defendants have made demand upon Plaintiff for payment of an amount equal to the full amount of the agreed value the vessel insured under the said terms of the said policy of marine insurance.

28. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory

Judgment regarding the coverage afforded under the terms of Policy No. 200/658/107786. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

29. As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

30. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 9 through 21 as if set forth fully herein.

31. Plaintiff's policy states, in pertinent part:

> 9. General Conditions & Warranties
>
> ******
>
> c) This insuring agreement incorporates in full your application for insurance and, together with any endorsements issued herein, constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.
>
> ******
>
> m) This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

32.  The Defendant named herein breached the provisions of Plaintiff's policy of marine insurance by misrepresenting and/or by failing to disclose facts which were material to the Plaintiff's decision to accept and/or to continue and/or to renew the risk of insuring the vessel referenced herein.

33.  The Defendants named herein made misrepresentations of material fact and/or failed to disclose material facts regarding their prior history of marine losses as set forth on the application for insurance dated May 23, 2006 in that the said Defendants informed the Plaintiff that they had no marine losses during the previous ten (10) years. As stated herein, Plaintiff's investigation established that the Defendants had in fact sustained prior marine losses and had misrepresented and/or failed to disclose material facts pertaining to these prior marine losses on the application and the Renewal Questionnaires referenced herein..

34.  Had the said Defendants disclosed the material facts referenced herein, the Plaintiff would not have agreed to insure the vessel and/or would not have issued its Policy no. 200/658/107786 or would have charged a higher premium.

35.  The Defendants' misrepresentations of and/or failure to disclose material facts constitutes a breach of the duties imposed upon the Defendants by the express terms of the policy and under the applicable principles of federal admiralty law.

36.  Defendants' breaches of the policy renders the policy void ab initio and/or entitles the Plaintiff to rescind the policy.

37. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, the Defendants have made demand upon the Plaintiff for payment of the full amount for which the vessel was insured.

38. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. 200/658/107786. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

39. As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(a) Declaring that the relationship of insurer and insured does not exist between the Plaintiff and the Defendants herein as regards the incident of June 14, 2008 in which the insured vessel was alleged to have been stolen;

(b) Declaring that Plaintiff's Policy No. 200/658/107786 does not afford coverage to the Defendants herein for the incident of June 14, 2008 in which the insured vessel was alleged to have been stolen;

(c)     Declaring that coverage for the theft of the vessel which is alleged to have occurred on or about June 14, 2008 is excluded under Plaintiff's Policy no. 200/658/107786;

(d)     Declaring that the misrepresentations of and/or the failure to disclose material facts by and/or on behalf of the Defendants as described herein renders the Plaintiff's Policy no. 200/658/107786 void ab initio, and allows the Plaintiff to rescind the said policy of marine insurance.

(e)     Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:   September 17, 2008
         Tampa, Florida

_____
Allen von Spiegelfeld – FBN 256803
Eric C. Thiel – FBN 016267
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, FL 33601
813-228-7411 – Telephone
813-229-8313 – Facsimile
avonsp@fowlerwhite.com

Steven E. Goldman
Goldman & Hellman
800 S.E. 3rd Avenue – Fourth
Fort Lauderdale, Florida 33316
954-356-0460 – Telephone

Attorneys for Plaintiff Great Lakes
Reinsurance (UK) PLC